UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WATLEY, | : | CIVIL NO: 1:20-CV-01146 |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA and GOVERNOR THOMAS WOLF, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**I.  Introduction.**

This case concerns a challenge to a Pennsylvania statute that deals with arrests of nonresidents for violations of the Pennsylvania Motor Vehicle Code. The defendants have filed motions to dismiss the amended complaint.  Because the plaintiff has not pleaded facts from which it can reasonably be concluded that he has standing, this court does not have subject-matter jurisdiction.  Thus, we will dismiss the amended complaint without prejudice, and we will grant the plaintiff leave to file a second amended complaint to attempt, if appropriate, to plead that he has standing.  Given this, we will dismiss as moot the two pending motions to dismiss filed by the defendants.

## II. Background and Procedural History.

Watley began this action in the Court of Common Pleas of Dauphin County, Pennsylvania by filing a complaint naming the Commonwealth of Pennsylvania as the defendant and raising claims under 42 U.S.C. § 1983. The Commonwealth removed the case to this court pursuant to 28 U.S.C. § 1441(a). On August 8, 2020, Watley filed an amended complaint naming as defendants the Commonwealth of Pennsylvania and Governor Wolf, in his individual and official capacities.

Watley alleges the following facts in his amended complaint. Watley resides in Connecticut. On May 21, 2016, while Watley was traveling through Pennsylvania back to his home state of Connecticut, he was issued three traffic citations that carried a total combined fine of $75. Trooper Michael S. Felsman arrested Watley for the traffic citations. Watley was taken before a magisterial district judge, jailed overnight, and stripped searched based on the three traffic citations. The state courts later ruled that the traffic citations were invalid and unlawful.

Watley challenges 75 Pa. Cons. Stat. Ann. § 6305, which deals with arrests of nonresidents for violations of the Pennsylvania Motor Vehicle Code, contending that it "treats citizens from other states differently in connection with the issuance

2

of traffic citations and their ability to travel freely through the Commonwealth of Pennsylvania." *Doc. 8* ¶ 6.  Section 6305 provides, in pertinent part:

> **(a) General rule.**—Upon arrest of a nonresident for any violation of this title, a police officer shall escort the defendant to the appropriate issuing authority for a hearing, posting of bond or payment of the applicable fine and costs, unless the defendant chooses to place the amount of the applicable fine (or the maximum fine in the case of a variable fine) and costs in a stamped envelope addressed to the appropriate issuing authority and mails the envelope in the presence of the police officer.

75 Pa. Cons. Stat. Ann. § 6305(a).[1]  Watley contends that Section 6305 treats nonresidents of Pennsylvania differently from residents of Pennsylvania due to their residency.  According to Watley, Section 6305 "penalizes non-residents more harshly than residents since pursuant to Section 6305 non-residents can be imprisoned for traffic citations while residents are not." *Doc. 8* ¶ 21.

The amended complaint contains only one count titled:

**CHALLENGE TO 75 PA.C.S. § 6305**
**VIOLATION OF THE FUNDAMENTAL RIGHT TO TRAVEL**
**PLAINTIFF V. DEFENDANTS**

*Id*. at 3.  Watley also mentions in his amended complaint "the Fourteenth Amendment, Due Process Clause, the Privileges and Immunity Clause of Article VI, Section 2 of the United States Constitution, Equal Protection Clause and . . . the Pennsylvania Constitution, Article 1." *Id*. ¶4.  He alleges that the

---

[1] Subsections (b), (c), and (d) of Section 6305 address the procedure upon payment by mail, the form of payment, and the receipt for payment respectively.

Commonwealth passed Section 6305 and that defendant Wolf is charged with enforcing the laws of the Commonwealth of Pennsylvania through the Pennsylvania State Police.

Watley seeks only "prospective injunctive relief." *Doc. 8* at 2,¶ 4 and 6, "WHEREFORE" paragraph. Watley, who resides in Connecticut, alleges that he "has standing to bring this suit since he can travel through the Commonwealth of Pennsylvania at any moment." *Id*. ¶ 1. He further alleges: "In fact, in 2018, [Watley] travelled through the Commonwealth of Pennsylvania for a jury trial and could have travelled to the Commonwealth for oral argument before the Third Circuit this year." *Id*.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. Currently pending is a motion to dismiss filed by the Commonwealth and a motion to dismiss filed by Governor Wolf. Because we conclude that Watley has not alleged facts from which it can reasonably be inferred that he has standing to seek injunctive relief (the only relief that he seeks), we will dismiss Watley's amended complaint without prejudice. We will, however, give Watley leave to file a second amended complaint. Given this, we will deny as moot the defendants' motions to dismiss.[2]

---

[2] Because Watley has not shown that he has standing, this court lacks subject-matter jurisdiction. *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 883 (3d Cir. 2020). Thus, we will not address the defendants' arguments that the

4

## III. Discussion.

"It is well established that a federal court has a duty to assure itself that the persons invoking its power have standing to do so under Article III of the Constitution." *Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 570 (3d Cir. 2020). Article III standing "is an 'irreducible constitutional minimum,' without which a court" does not have jurisdiction to decide the case on the merits. *Id.* at 574 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Thus, we immediately turn to the question whether Watley has alleged facts from which it can reasonably be inferred that he has standing.

Federal Rule of Civil Procedure 12(b)(1)[3] permits the dismissal of an action for lack of subject-matter jurisdiction. "Constitutional standing, which is properly tested under Rule 12(b)(1), may be challenged facially or factually." *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 885 (3d Cir. 2020). "A facial challenge argues that the plaintiff's factual allegations cannot meet the elements of standing." *Id.* In other words, a facial attack on subject-matter jurisdiction contests the sufficiency of the pleadings. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811

---

complaint fails to state a claim upon which relief can be granted. *Id.* (observing that the court "has no jurisdiction to rule on the merits when a plaintiff lacks standing").

[3] In their motions to dismiss, the defendants cite to both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). In their briefs in support of their motions to dismiss, the defendants raise numerous arguments including a cursory standing argument.

(3d Cir. 2016).  When there is a facial attack, "we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625,633 (3d Cir. 2017).  "Consequently, we accept the Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiffs' favor." *Id*. (footnote omitted).  "Nevertheless, '[t]hreadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "We disregard such legal conclusions." *Id*. "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter,' that would establish standing if accepted as true." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

    Here, the defendants make only a cursory argument regarding standing, and they do not focus on whether Watley has standing to seek prospective injunctive relief, which is the only relief that he seeks.  The defendants contend that to the extent that Watley seeks to challenge the charges brought again him, he lacks standing because the charges against him were ultimately dismissed.  Whatever the merits of such an argument, it misses the mark here because Watley is seeking only prospective injunctive relief.  Thus, as discussed below, the standing inquiry focuses on whether Watley has alleged facts from which it can reasonably be

inferred that he will suffer a future injury.[4] Because "it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties," *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009), we proceed to address whether Watley has sufficiently alleged a future injury.

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "And courts enforce it 'through the several justiciability doctrines that cluster about Article III,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Id*. (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

"One of the essential elements of a legal case or controversy is that the plaintiff have standing to sue." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018).

---

[4] Watley's response to the defendants' standing argument is difficult to follow. He starts out by citing a case regarding future injury, but then he concludes that he has standing because he was seized, imprisoned, and strip searched in connection with the traffic citations. *See doc. 24 at 4–5, doc. 31 at 5–6*. Watley makes this argument in a section of his brief entitled "The statute of limitation has not expired." *See doc. 24 at 4, doc. 31 at 5*.

"Standing requires more than just a 'keen interest in the issue.'" *Id*. (quoting *Hollingsworth v. Perry,* 570 U.S. 693, 700 (2013)). Rather, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*. And "[w]here, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id*. (footnote omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Here, we are concerned with whether Watley has alleged an injury in fact, "the '[f]irst and foremost' of standing's three elements." *Id*. (quoting *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 103 (1998)). "This element 'is intended to weed out claims that are nothing more than an ingenious academic exercise in the conceivable.'" *Schaller v. United States Soc. Security Adm.,* No. 20-1876, 2021 WL 237273, at *4 (3d Cir. Jan. 25, 2021) (quoting *Thorne*, 980 F.3d at 893). "To plead an injury in fact, the party invoking federal jurisdiction must establish three sub-elements: first, the invasion of a legally protected interest; second, that the injury is both 'concrete and particularized'; and third, that the injury is 'actual or imminent, not conjectural or hypothetical.'" *Thorne*, 980 F.3d at 885 (quoting *Spokeo*, 136 S. Ct. at 1548). We focus here on the third sub-

element—whether Watley has alleged an injury that is actual or imminent as opposed to conjectural or hypothetical.

Watley suggests that the fact that he was seized, imprisoned, and strip searched in connection with the traffic citations shows that he has standing. But because the only relief that Watley seeks is prospective injunctive relief, the fact that he was previously exposed to allegedly illegal conduct is not sufficient to establish standing. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."). Rather, "[w]hen, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

With regard to future injury, Watley alleges that he "has standing to bring this suit since he can travel through the Commonwealth of Pennsylvania at any moment." *Doc. 8* ¶ 1. But "[m]ere 'allegations of possible future injury are not sufficient.'" *Schaller*, 2021 WL 237273, at *4 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Rather, "the 'threatened injury must be certainly impending to constitute injury in fact.'" *Thorne*, 980 F.3d at 893 (quoting *Clapper*, 568 U.S. at 409). "And there must be at least a 'substantial risk' that the harm will

9

"'assume[d] that [litigants] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct.'" *Id*. (quoting *O'Shea,* 414 U.S. at 497).

In sum, Watley has failed to allege an actual injury. Thus, he has not shown that he has standing. And without standing, this court lacks subject-matter jurisdiction. Thus, we will dismiss Watley's amended complaint without prejudice. *Thorne*, 980 F.3d at 896 ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). The issue then becomes whether we close this case or grant Watley leave to file a second amended complaint to attempt to meet the requirements for pleading standing. In his briefs in opposition to the defendants' motions to dismiss, Watley requests leave to amend if the court finds his amended complaint is defective. Although Watley does not specifically request leave to amend regarding standing, in an abundance of caution, we will grant Watley leave to file second amended complaint.

**IV. Summary.**

For the foregoing reasons, we will dismiss Watley's amended complaint without prejudice based on lack of standing. We will grant Watley leave to file a

11

second amended complaint within 21 days.  And given the above, we will deny the defendants' motions to dismiss as moot.  An appropriate order will be issued.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge