UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WATLEY, | : | CIVIL NO: 1:20-CV-01146 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA and | : | |
| GOVERNOR THOMAS WOLF, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION

**I. Introduction.**

This case concerns a challenge to a Pennsylvania statute that deals with arrests of nonresidents for violations of the Pennsylvania Motor Vehicle Code. The defendants have filed a motion to dismiss the second amended complaint. Because the plaintiff has not pleaded facts from which it can reasonably be concluded that he has standing, this court does not have subject-matter jurisdiction. Thus, we will grant the motion to dismiss to the extent that we dismiss this action without prejudice for lack of standing.

**II.  Background and Procedural History.**

Watley began this action in the Court of Common Pleas of Dauphin County, Pennsylvania by filing a complaint naming the Commonwealth of Pennsylvania as the defendant and raising claims under 42 U.S.C. § 1983.  The Commonwealth removed the case to this court pursuant to 28 U.S.C. § 1441(a).  Watley then filed an amended complaint naming as defendants the Commonwealth of Pennsylvania and Governor Wolf, in his individual and official capacities.

Watley alleged the following facts in his amended complaint.  Watley resides in Connecticut.  On May 21, 2016, while Watley was traveling through Pennsylvania back to his home state of Connecticut, he was issued three traffic citations that carried a total combined fine of $75.  Trooper Michael S. Felsman arrested Watley for the traffic citations.  Watley was taken before a magisterial district judge, jailed overnight, and stripped searched based on the three traffic citations.  The state courts later ruled that the traffic citations were invalid and unlawful.

Watley challenged 75 Pa. Cons. Stat. Ann. § 6305, which deals with arrests of nonresidents for violations of the Pennsylvania Motor Vehicle Code, contending that it "treats citizens from other states differently in connection with the issuance

of traffic citations and their ability to travel freely through the Commonwealth of

Pennsylvania." *Doc. 8* ¶ 6.  Section 6305 provides, in pertinent part:

> **(a) General rule.**—Upon arrest of a nonresident for any
> violation of this title, a police officer shall escort the defendant
> to the appropriate issuing authority for a hearing, posting of
> bond or payment of the applicable fine and costs, unless the
> defendant chooses to place the amount of the applicable fine (or
> the maximum fine in the case of a variable fine) and costs in a
> stamped envelope addressed to the appropriate issuing authority
> and mails the envelope in the presence of the police officer.

75 Pa. Cons. Stat. Ann. § 6305(a).[1]  Watley contended that Section 6305 treats

nonresidents of Pennsylvania differently from residents of Pennsylvania due to

their residency.  According to Watley, Section 6305 "penalizes non-residents more

harshly than residents since pursuant to Section 6305 non-residents can be

imprisoned for traffic citations while residents are not." *Doc. 8* ¶ 21.

The amended complaint contained only one count titled:

### CHALLENGE TO 75 PA.C.S. § 6305
### VIOLATION OF THE FUNDAMENTAL RIGHT TO TRAVEL
### PLAINTIFF V. DEFENDANTS

*Id*. at 3.  Watley also mentioned in his amended complaint "the Fourteenth

Amendment, Due Process Clause, the Privileges and Immunity Clause of Article

VI, Section 2 of the United States Constitution, Equal Protection Clause and . . .

---

[1] Subsections (b), (c), and (d) of Section 6305 address the procedure upon
payment by mail, the form of payment, and the receipt for payment respectively.

the Pennsylvania Constitution, Article 1." *Id*. ¶ 4.  He alleged that the

Commonwealth passed Section 6305 and that defendant Wolf is charged with

enforcing the laws of the Commonwealth of Pennsylvania through the

Pennsylvania State Police.

Watley sought only "prospective injunctive relief." *Doc. 8* at 2,¶ 4 and 6,

"WHEREFORE" paragraph.  Watley, who resides in Connecticut, alleged that he

"has standing to bring this suit since he can travel through the Commonwealth of

Pennsylvania at any moment." *Id*. ¶ 1.  He further alleged: "In fact, in 2018,

[Watley] travelled through the Commonwealth of Pennsylvania for a jury trial and

could have travelled to the Commonwealth for oral argument before the Third

Circuit this year." *Id*.

The parties consented to proceed before a magistrate judge pursuant to 28

U.S.C. § 636(c), and the case was referred to the undersigned.  Upon review of the

amended complaint, we concluded that Watley had not alleged facts from which it

could reasonably be inferred that he has standing to seek injunctive relief (the only

relief that he sought).  Thus, we determined that this court lacks subject-matter

jurisdiction, and we dismissed Watley's amended complaint without prejudice.

But we gave Watley leave to file a second amended complaint to attempt to meet

the requirements for pleading standing.

4

On February 6, 2021, Watley filed a second amended complaint.  The

factual allegations in the second amended complaint are materially the same as the

factual allegations in the amended complaint with the following exception

regarding standing.[2]  As set forth above, in the amended complaint, Watley alleged

that he had standing "since he can travel through the Commonwealth of

Pennsylvania at any moment." *Doc. 8* ¶ 1.  He further alleged: "In fact, in 2018,

[Watley] travelled through the Commonwealth of Pennsylvania for a jury trial and

---

[2]  The second amended complaint also differs from the amended complaint in the
following ways, none of which is material to our analysis below regarding
standing: (1) whereas in the amended complaint, Watley alleged that this court had
federal-question and supplemental jurisdiction, in his second amended complaint,
he alleges that in addition to federal-question and supplemental jurisdiction, this
court also has diversity jurisdiction, *compare doc. 8* ¶ 4, with *doc. 36* ¶ 5;
(2) whereas in the amended complaint, Watley alleged that 75 Pa. C. S. § 6305
"treats citizens from other states differently in connection with the issuance of
traffic citations and their ability to travel freely through the Commonwealth of
Pennsylvania," in the second amended complaint, he points out that in addition to
imprisoning nonresidents for traffic citations, § 6305 also requires nonresidents, in
order to avoid jail time, to mail the citation with payment in front of the police
officer while citizens are not required to do the same, and he alleges that § 6305
"treats citizens from other states differently than residents by obstructing their
travel through Pennsylvania if they are issued a traffic citation" and that
"[p]ursuant to Section 6305, the ability to travel freely can be restricted since a
police officer can imprison a non-resident if they are issued a traffic citation along
with requiring a non-resident to mail payment of the citation in front of the police
office to avoid jail time," *compare doc. 8* ¶ 6, *with doc. 36* ¶¶ 9, 25; (3) Watley
changed the content of footnote 1, *compare doc. 8* at 1 n.1, *with doc. 36* at 5, ¶ 19
n.1; (4) in the second amended complaint, Watley added a reference to § 6305
being overbroad, *see doc. 36* ¶ 6; and (5) in the second amended complaint, Watley
added a paragraph with an additional case citation, *see doc. 36* ¶ 18.

could have travelled to the Commonwealth for oral argument before the Third Circuit this year." *Id.*  In his second amended complaint, Watley alleges that he "has standing to bring this suit since <u>Watley I</u>[3] has ended and Plaintiff must travel to Pennsylvania to pick up his portion of the judgments within 60 days after the Commonwealth of Pennsylvania issues the checks. (<u>Watley v. Felsman</u>, 16-2059, Doc. 134)." *Doc. 36* ¶ 2.

The defendants filed a motion to dismiss the second amended complaint arguing, among other things, that Watley lacks standing. *See doc. 37.*  That motion has been briefed. *See docs. 39, 42.*  Because Watley still has not pleaded facts from which it can reasonably be concluded that he has standing, this court does not have subject-matter jurisdiction.  Thus, we will grant the defendants' motion to dismiss.

---

[3]  *See Watley v. Felsman*, 3:16-cv-02059 (M.D. Pa.), a civil-rights case in which Watley sued regarding the same stop and arrest as well as subsequent events.  After an appeal in that case, Watley can recover nominal damages on a Fourth Amendment claim against a corporal whose search of Watley's vehicle exceeded the scope of a legitimate inventory search. *See Watley v. Felsman*, 839 F. App'x 728, 730-31 (3d Cir. 2020).  In addition, Watley was awarded costs and attorney's fees. *See Watley*, 3:16-cv-02059 at *docs. 127, 130*.  The most-recent docket entry in that case—a letter dated May 12, 2021, from defense counsel—states that three checks were mailed to Watley's counsel on May 11, 2021, representing the judgment and attorney's fees. *Id.* at *doc. 137*.

## III.  Discussion.

"It is well established that a federal court has a duty to assure itself that the persons invoking its power have standing to do so under Article III of the Constitution." *Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 570 (3d Cir. 2020).  Article III standing "is an 'irreducible constitutional minimum,' without which a court" does not have jurisdiction to decide the case on the merits. *Id*. at 574 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  Thus, we turn to the question whether Watley has alleged facts from which it can reasonably be inferred that he has standing.

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of an action for lack of subject-matter jurisdiction.  "Constitutional standing, which is properly tested under Rule 12(b)(1), may be challenged facially or factually." *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 885 (3d Cir. 2020).  "A facial challenge argues that the plaintiff's factual allegations cannot meet the elements of standing." *Id*.  In other words, a facial attack on subject-matter jurisdiction contests the sufficiency of the pleadings. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016).  Here, because the defendants based their standing argument on the allegations in Watley's second amended complaint, we construe the defendants' argument regarding standing as a facial attack.

When, as here, there is a facial attack, "we apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625,633 (3d Cir. 2017). "Consequently, we accept the Plaintiffs' well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiffs' favor." *Id*. (footnote omitted). "Nevertheless, '[t]hreadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "We disregard such legal conclusions." *Id*. "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter,' that would establish standing if accepted as true." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

Here, the defendants contend that Watley lacks standing to seek prospective injunctive relief, which is the only relief that he seeks. They assert that Watley has not alleged facts from which it can reasonably be inferred that he will suffer a future injury.

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic

8

society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017)

(quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).  "And courts

enforce it 'through the several justiciability doctrines that cluster about Article III,'

including 'standing, ripeness, mootness, the political-question doctrine, and the

prohibition on advisory opinions.'" *Id*. (quoting *Toll Bros., Inc. v. Twp. of*

*Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

"One of the essential elements of a legal case or controversy is that the

plaintiff have standing to sue." *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018).

"Standing requires more than just a 'keen interest in the issue.'" *Id*. (quoting

*Hollingsworth v. Perry,* 570 U.S. 693, 700 (2013)).  Rather, "[t]he plaintiff must

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "The

plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing

these elements." *Id*.  And "[w]here, as here, a case is at the pleading stage, the

plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id*. (footnote

omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Here, we are concerned with whether Watley has alleged an injury in fact,

"the '[f]irst and foremost' of standing's three elements." *Id*. (quoting *Steel Co. v.*

*Citizens for Better Environment,* 523 U.S. 83, 103 (1998)).  "This element 'is intended to weed out claims that are nothing more than an ingenious academic exercise in the conceivable.'" *Schaller v. United States Soc. Security Adm.,* 844 F. App'x 566, 571 (3d Cir. 2021) (quoting *Thorne,* 980 F.3d at 893).  "To plead an injury in fact, the party invoking federal jurisdiction must establish three sub-elements: first, the invasion of a legally protected interest; second, that the injury is both 'concrete and particularized'; and third, that the injury is 'actual or imminent, not conjectural or hypothetical.'" *Thorne,* 980 F.3d at 885 (quoting *Spokeo,* 136 S. Ct. at 1548).  We focus here on the third sub-element—whether Watley has alleged an injury that is actual or imminent as opposed to conjectural or hypothetical.

Here, because the only relief that Watley seeks is prospective injunctive relief, the fact that he was previously exposed to allegedly illegal conduct is not sufficient to establish standing. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects.").  Rather, "[w]hen, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

With regard to future injury, Watley alleges that he "has standing to bring this suit since <u>Watley I</u> has ended and [he] must travel to Pennsylvania to pick up his portion of the judgments within 60 days after the Commonwealth of Pennsylvania issues the checks. (<u>Watley v. Felsman</u>, 16-2059, Doc. 134)." *Doc. 36* ¶ 2.  But "[m]ere 'allegations of possible future injury are not sufficient.'" *Schaller*, 844 F. App'x at 571 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  Rather, "the 'threatened injury must be certainly impending to constitute injury in fact.'" *Thorne*, 980 F.3d at 893 (quoting *Clapper*, 568 U.S. at 409).  "And there must be at least a 'substantial risk' that the harm will occur." *Id.* (quoting *Clapper*, 568 U.S. at 414 n.5).  "When an injury rests on a claimed desire to travel somewhere, providing specific dates is crucial, as imminency would be 'stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time.'" *Schaller*, 844 F. App'x at 571 (quoting *Lujan*, 504 U.S. at 564 n.2).  Thus, "indefinite 'some day intentions'" to travel are not sufficient. *Id.* (quoting *Lujan*, 504 U.S. at 564).

Assuming that Watley's allegation that he must travel to Pennsylvania to pick up part of the judgment in *Watley v. Felsman* within 60 days after the Commonwealth issues checks is sufficiently specific to plead Watley's intent to enter Pennsylvania, we nevertheless conclude that Watley has not pleaded facts

from which it can reasonably be inferred that he has standing.  As we pointed out in connection with our earlier decision regarding standing, in this case, to show an imminent actual injury that is not conjectural or hypothetical requires more than an intent to travel through Pennsylvania.  Rather, for Section 6305 to come into play, Watley would not only need to travel through Pennsylvania, but he would have to be stopped for a traffic violation and arrested for that violation.  That "highly attenuated chain of possibilities," *Clapper*, 568 U.S. at 410, is too speculative to support standing.  Further, the Supreme Court has "consistently refused to 'conclude that the case-or-controversy requirement is satisfied by' the possibility that a party 'will be prosecuted for violating valid . . . laws.'" *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1541 (2018) (quoting *O'Shea,* 414 U.S. at 497). Instead, it is "'assume[d] that [litigants] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct.'" *Id*. (quoting *O'Shea,* 414 U.S. at 497).

In sum, Watley has failed to allege an actual injury.  Thus, he has not shown that he has standing.  And without standing, this court lacks subject-matter jurisdiction.  Thus, we will dismiss Watley's second amended complaint without prejudice. *Thorne*, 980 F.3d at 896 ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been

without prejudice.").  Because we previously granted Watley leave to amend to attempt to plead standing, but although he filed an amended complaint, he still has not pleaded facts from which it can reasonably be inferred that he has standing, further leave to amend would be futile.

## IV.  Summary.

Because Watley lacks standing, this court lacks subject-matter jurisdiction. Thus, we will grant the defendants' motion to dismiss based on lack of standing. An appropriate order will be issued.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge

13